UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLUEFIELD CHEMICALS, INC., | § | |
|    Plaintiff | § | |
| | § | Case No. _____ |
| v. | § | |
| | § | |
| BARIVEN S.A., and | § | |
| PDVSA SERVICES, B.V. | § | |
|    Defendant | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

     Plaintiff Bluefield Chemical, Inc., files this complaint against Defendants Bariven S.A. and PDVSA Services, B.V.:

### I.   PARTIES

     1.    Plaintiff Bluefield Chemical, Inc. ("Bluefield" or "Plaintiff") is a Florida corporation that maintains its principal place of business in Miami, Florida.  Bluefield does not maintain a presence in the state of Texas.

     2.    Defendant Bariven, S.A. ("Bariven") is a foreign (Venezuelan) corporation that, on information and believe, maintains its principal place of business in Venezuela.  Bariven at all relevant times conducted significant and/or substantial business in Texas. Bariven engages in procurement of materials and equipment necessary for the activities of exploration, production, and refining of hydrocarbons. Upon information and belief, Bariven is the parent company of Defendant PDVSA Services, B.V. and acts through PDVSA Services, B.V. as its general agent and purchasing agent.  Although it previously designated an agent for service in the State of Texas, Bariven let the designation lapse. It continues doing business in the State of Texas. Upon

information and belief, and based on filings with the Texas Comptroller's Office, Bariven S.A. still maintains a local agent in Houston, Texas within Harris County at the following address: 11490 Westheimer Road Houston, Texas 77077-6847.  Pursuant to TEX. CIV. PRAC. & REM. CODE §17.023, service may be accomplished through the Texas Secretary of State by delivering a copy of citation and this action upon the local agent or any agent of Bariven S.A. at the above Houston address.

3. Upon information and belief, Defendant, PDVSA Services, B.V. ("PDVSA") is a foreign (Netherlands) corporation that maintains its principal place of business at President Kennedylaan 19, 2517 JK The Hague, The Netherlands, which at all relevant times conducted significant and/or substantial business in Texas. Upon information and belief, PDVSA acts as Bariven's general agent and purchasing agent and renders procurement support services to Bariven and affiliated entities within the PDVSA group. It may be served through its registered agent, CT Corporation System at 1999 Bryan Street., Suite 900, Dallas, Texas 75201-4234.

## II.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Plaintiff and the Defendants are completely diverse and the amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendant Bariven because it sent a series of purchase orders to Plaintiff directing Plaintiff to deliver goods to a location in Houston, Texas and because this action arises from its failure to pay for those goods.  Moreover, on information and belief, Bariven maintains continuous and systematic contacts with the state.

6. This Court has personal jurisdiction over Defendant PDVSA. PDVSA sent a series of purchase orders to Plaintiff directing Plaintiff to deliver goods to a location in Houston,

Texas and because this action arises from its failure to pay for those goods. Moreover, PDVSA maintains continuous and systematic contacts with the state of Texas in that it has an office located in Houston, Texas, and has a registered agent for service of process in Texas.

### III.   FACTS

7.   This dispute arises from a series of purchase orders under which Bluefield delivered goods but for which it was not paid as agreed.

8.   On various dates spanning from May 14, 2014, to November 13, 2015, Bariven, through its purchasing agent PDVSA, submitted four purchase orders to Bluefield for chemical goods use in the exploration and production of hydrocarbons. The total value of the four purchase orders was $835,376.16.

9.   Each purchase order provided that Bluefield was to deliver the goods to a location in Houston, Texas.

10.   Each purchase order provided for payment terms of Net 30 days from delivery or earlier. Bluefield accepted those payment terms.

11.   Bluefield delivered the goods as agreed to the location in Houston, Texas.

12.   Bluefield issued invoices corresponding to the four purchase orders. Based upon the invoice and delivery dates, payments for the respective invoices were due ranging from July 9, 2014 to February 23, 2016.

13.   Bariven and PDVSA had made an advance payment of $393,272.60 on invoice number 1331, but the invoices otherwise went unpaid.

14.   These events are summarized as follows:

| Date | PO Number | Invoice Number | PO / Invoice Amount | Amount Paid | Amount Unpaid |
|---|---|---|---|---|---|
| June 13, 2014 | 5100115194 | 1331 | $983,181.50 | $393,272.60 | $598,908.90 |
| March 17, 2014 | 5100113195 | 15005 | $224,003.76 | | $224,003.76 |

3

| Nov. 13, 2015 | 5100125320 | 15024 | $16,101.50 | | $16,101.50 |
| May 14, 2014 | 5400002005 | 1335 | $5,362.00 | | $5,362.00 |
| **Totals** | | | $1,228,648.76 | $393,272.60 | **$835.376.16** |

15. In addition to the foregoing, Bariven and PDVSA submitted a purchase order to Bluefield numbered 2100102235 on October 4, 2012, requesting delivery of goods in 2014. The total amount of the purchase order was $618,867.01, of which 50% was invoiced and paid in 2013.

16. As of the date of filing of this action, Bluefield is working to locate delivery tickets to confirm the delivery dates of the goods referenced in purchase order number 2100102235, which would establish the due date for payment of the balance. However, Bluefield believes and alleges that the deliveries were made in late July of 2014. As such, payment of the invoice (numbered 1276-B) for the balance of $309,433.35 would have come due in August 2014.

17. Invoice 1276-B remains unpaid.

18. On numerous occasions, a representative of Bluefield has communicated with representatives of PDVSA regarding these past due payments. PDVSA has indicated that the invoices were approved but that it lacks funds to pay.

### IV. COUNT 1: BREACH OF CONTRACT

19. The allegations in all foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

20. Bariven, through its purchasing agent PDVSA, submitted four purchase orders to Bluefield for chemical goods used in the exploration, production, and refining of hydrocarbons.

21. Bluefield accepted the purchase orders and performed by delivering goods to Houston, Texas and submitting and invoice.

4

22. Bariven and PDVSA did not remit payment to Bluefield as agreed, constituting a failure to perform and breach of the contracts.

23. As a result of Bariven's and PDVSA's breach, Bluefield suffered $1,144,809.82 in damages.

24. Bluefield has at all relevant times complied with all the material terms and conditions of the contracts.

## V.   COUNT 2: QUANTUM MERUIT

25. The allegations in all foregoing paragraphs of this Complaint are incorporated herein as if fully restated.

26. Alternatively, there are not valid and enforceable contracts between Bluefield and Defendants Bariven and PDVSA relating to the sale of some or all of the goods provided by Bluefield.

27. Bluefield provided valuable goods to Bariven and PDVSA by shipping these goods to Bariven.

28. Bariven and PDVSA, as the parties to be charged, received these goods.

29. Bariven and PDVSA understood, or should have reasonably understood, that Bluefield expected compensation for providing these goods and services to Bariven.

30. It would be unjust for Bariven and PDVSA to retain and benefit from these goods without providing Bluefield with adequate compensation.

31. By failing to compensate Bluefield for these goods, Bluefield suffered $1,144,809.82 in damages.

FOR THESE REASONS, Bluefield respectfully requests this Court:

A. Enter a judgment against Bariven and PDVSA in the amount of $1,144,809.82 for breaching the contracts;

B. Alternatively, enter a judgment against Bariven and PDVSA that no valid and enforceable contract exists, that Bariven and PDVSA were unjustly enriched by retaining goods and services from Bluefield, and that Bluefield is entitled to payment of $1,144,809.82 for delivering these goods;

C. For an award of pre and post-judgment interest as provided by law or contract; and

D. For such other or further relief to which Bluefield may be entitled.

Respectfully submitted,

By: /s/ Charles Patrick Waites
Charles Patrick Waites
Texas Bar No. 00791867
pwaites@jdkglaw.com
Attorney-in-Charge for Plaintiff

JOHNSON DELUCA KURISKY & GOULD
   A Professional Corporation
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**OF COUNSEL**

JOHNSON DELUCA KURISKY & GOULD
   A Professional Corporation

Donald W. Gould, II
Texas Bar No. 08234250
dgould@jdkglaw.com
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**ATTORNEYS FOR PLAINTIFF**